UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

GEORGE HAMILTON,                                                                                       Plaintiff,

v.                                                                           Civil Action No. 3:20-cv-P160-DJH

ROEDERER CORRECTIONAL COMPLEX et al.,                                              Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff, George Hamilton, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the Court will dismiss this action.

## I. STATEMENT OF CLAIMS

Plaintiff, a convicted inmate at Roederer Correctional Complex (RCC), names as Defendants RCC and RCC Correctional Officer Lt. Theressa Hartley. He states that on January 15, 2020, Defendant Hartley ordered him to get his identification during a security check and screamed "across the room" at him in front of 50 other inmates, at which point, he states that he "walked over to her and quietly told her 'I have 21 years, I don't give a s\*\*t about your petty write ups.'" Plaintiff states that Defendant Hartley then told him to step out in the hall, to which he said, "'Fine, just let me put on my boots.'" Plaintiff states that he then walked five feet to his left to retrieve his boots at which point Defendant Hartley "aggressively charged at me and tried to grab my arm without telling me that she was trying to put me in restraints." He states that when he became aware of her intentions he turned around and let her put handcuffs on.

Plaintiff states that then Defendant Hartley said, "'I will teach you to run your f**king mouth!'"; she then pulled up on the handcuffs and shoved him forward. Plaintiff states that he replied, "'Anyone can shove someone while they're in handcuffs you stupid b**ch." However, Plaintiff states that he continued to walk forward in compliance with Defendant Hartley. Plaintiff alleges that Defendant Hartley then sprayed him with OC spray all over his back without his knowledge because his back was to her. He states that he continued to walk calmly out of the room to the holding cage. He alleges that he was placed in the restricted housing unit (RHU) for 15 days "without going to court call." He states that he did not receive a "write up" until February 21, 2020, "only after writing my case manager multiple times, the deputy warden, Internal Affairs, and I verbally begged the major, I just wanted to know the reasons for why I was placed in solitary confinement."

Plaintiff alleges that the Eighth Amendment should deter prison employees from using excessive force and that due-process rights protect prisoners by requiring that hearings be held before spending extended periods of time in solitary confinement.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings,

*Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### *A. Excessive-force claim*

Plaintiff alleges that when told to step out into the hall he walked five feet to his left to retrieve his boots at which point Defendant Hartley "aggressively charged at me and tried to grab my arm without telling me that she was trying to put me in restraints." He states that he let her put handcuffs on when he became aware of her intentions.

Plaintiff states that then Defendant Hartley said, "'I will teach you to run your f**king mouth!'"; pulled up on the handcuffs; and shoved him forward. Plaintiff states that he replied, "'Anyone can shove someone while they're in handcuffs you stupid b**ch." Plaintiff states that he continued to walk forward in compliance with Defendant. Plaintiff states that Defendant Hartley sprayed him with OC spray all over his back without his knowledge.

"The Eighth Amendment prohibition on cruel and unusual punishment protects prisoners from the 'unnecessary and wanton infliction of pain.'" *Barker v. Goodrich*, 649 F.3d 428, 434 (6th Cir. 2011) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). "Whether [a defendant's] alleged conduct constitute[s] excessive force in violation of the Eighth Amendment depends on 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Id*. (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). Relevant factors in this analysis include "the extent of the injury suffered by the inmate" and "the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the

severity of a forceful response." *United States v. Bunke*, 412 F. App'x 760, 765 (6th Cir. 2011) (quotes and citations omitted).

According to Plaintiff, Defendant Hartley tried to grab his arm, pulled up on the handcuffs, and pushed him forward. It is apparent that the shove did not push Plaintiff down as he states that he continued walking forward.

The inmate is not required to suffer a serious injury to state a constitutional claim, but the extent of his injuries may be considered in determining whether the force used was wanton and unnecessary. *Wilkins v. Gaddy*, 559 U.S. 34, 38-40 (2010) (per curiam); *Hudson*, 503 U.S. at 7. Thus, "[a]n inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." *Wilkins*, 559 U.S. at 38. Here, the Court finds that Plaintiff alleges no discernable injury with regard to the alleged attempted grab, pulling on handcuffs, or shove.

Regarding the allegation that Plaintiff was sprayed with OC spray, "[c]orrections officers do not violate a prisoner's Eighth Amendment rights when they use force 'in a good-faith effort to maintain or restore discipline.'" *Roberson v. Torres*, 770 F.3d 398, 406 (6th Cir. 2014) (quoting *Jennings v. Mitchell*, 93 F. App'x 723, 725 (6th Cir. 2004)). "It is widely recognized that prison guards may use chemical sprays when reasonably necessary to subdue an insubordinate prisoner because orders must be obeyed, and there are only so many choices available to correctional officers when an inmate refuses." *Lewis v. White*, No. CIV.A.1:07-0348, 2010 WL 2671495, at *3 (S.D.W. Va. June 8, 2010), *report and recommendation adopted*, No. CIV.A.1:07-0348, 2010 WL 2671570 (S.D.W. Va. July 1, 2010) (finding that defendant did not act maliciously or sadistically by spraying plaintiff with pepper spray while he was walking away in response to plaintiff's repeated refusal to move away from her). For example, deploying

a short burst of pepper or other chemical spray in response to an inmate who is disruptive, aggressive, and spitting at corrections officers is not disproportionate to the need to control an unruly inmate. *See Jennings*, 93 F. App'x at 725 ("The videotape squarely demonstrates that Jennings disobeyed repeated direct orders prior to the use of pepper spray."); *Easley v. Little*, No. 1:14-cv-891, 2016 WL 4006676, at *7 (S.D. Ohio June 28, 2016) (finding that guards did not act maliciously or sadistically in using mace to secure compliance where prisoner conveyed his desire to remain uncooperative although his actions were not egregious). The Court finds that Plaintiff has not alleged a constitutional claim regarding the use of pepper spray given his continued insubordination towards Defendant Hartley.

Nor does Plaintiff allege any injury from Defendant's spraying OC spray on his back, not even discomfort. Even if he did suffer some discomfort, "[t]emporary or minor discomfort is insufficient to establish a claim of a constitutional magnitude[.]" *Hutson v. Felder*, No. 5:07-183-JMH, 2008 WL 4186893, at *4 (E.D. Ky. Sept. 10, 2008).

In short, Plaintiff's allegations show nothing more than a *de minimis* use of force and certainly no more than *de minimis*, if any, injury, and fails to state any claim for excessive force. *Adkins v. Lewis*, No. 4:18-CV-P24-JHM, 2018 WL 3649032, at *5 (W.D. Ky. Aug. 1, 2018). The claims against Defendant Hartley will be dismissed.

### *B. Due-process claim*

Plaintiff states that he was placed in RHU for 15 days "without going to court call." He states that he did not receive a "write up" until February 21, 2020, and then "only after writing my case manager multiple times, the deputy warden, Internal Affairs, and . . . verbally begg[ing] the major[.]"

In *Sandin v. Conner*, the Supreme Court held that the Fourteenth Amendment confers on prisoners only a "limited" liberty interest "to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or which "will inevitably affect the duration of his sentence." 515 U.S. 472, 484, 487 (1995); *see also Williams v. Wilkinson*, 51 F. App'x 553, 556 (6th Cir. 2002). Generally, courts consider the nature and duration of a stay in segregation to determine whether it imposes an "atypical and significant hardship." *Harden-Bey v. Rutter*, 524 F.3d 789, 794 (6th. Cir. 2008). Confinement is considered atypical and significant only in "extreme circumstances." *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010); *see, e.g.*, *Harris v. Caruso*, 465 F. App'x 481, 484 (6th Cir. 2012) (holding that the prisoner's 8-year confinement in segregation was of "atypical duration" and thus "created a liberty interest that triggered his right to due process").

Plaintiff states that he was in segregation for 15 days before he was given the write-up as to why he was in segregation. Plaintiff has failed to allege any facts showing that his confinement in segregation constitutes an atypical and significant hardship. *See, e.g., Joseph*, 410 F. App'x at 868 (affirming dismissal of due-process claim because a 61–day stay in administrative segregation was not atypical and significant). Therefore, the Court will dismiss any claim regarding the violation of Plaintiff's due-process rights under the Fourteenth Amendment that allegedly occurred by being placed in segregation.

### III. CONCLUSION

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date:

cc: Plaintiff, *pro se*
       Defendants
4415.009